# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| KEVIN LANAGAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DR. TORREY NASH,<br><br>　　　　Defendant. | No. 07-CV-0085-DEO<br><br><br>ORDER |

Before the Court is the Defendant, Dr. Torrey Nash's Motion for Summary Judgment. Docket No. 28. As set forth below, Dr. Nash's Motion is granted.

## I. BACKGROUND

Plaintiff Kevin Lanagan is a federal inmate at the Waseca Federal Correctional Institution in Waseca, Minnesota. Lanagan was previously held at the Linn County Correctional Facility in Linn County, Iowa, from July 23, 2007, through September 27, 2007, and then from October 23, 2007, through November 2, 2007. While being detained pretrial at the Linn County facility, Lanagan received medical treatment for an injury to his right shoulder causing pain, a wart-like lesion on his left thumb, and chronic gastric reflux. In the course

of such treatment, Lanagan repeatedly requested Valium,[1] claiming it had previously been prescribed to him, however Dr. Nash refused his requests.  Lanagan claims that, by refusing to prescribe Valium, Dr. Nash was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.[2]

## II.  DISCUSSION

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  In order to avoid summary judgment the non-moving party must go beyond the pleadings and designate specific facts "showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

The Eighth Circuit analyzes both a pretrial detainee's and a convicted inmate's claim of inadequate medical care under the deliberate indifference standard.  See Butler v.

---

[1] Valium (diazepam) is used to relieve anxiety, muscle spasms, and seizures and to control agitation caused by alcohol withdrawal.  MedicineNet.com, http://www.medicinenet.com/diazepam-oral/article.htm.

[2] This is the sole remaining claim following Lanagan's voluntary dismissal of all other claims against all other defendants during the March 24, 2010, Hearing before this Court.

2

Fletcher, 465 F.3d 340, 344 (8th Cir. 2006); see also County of Sacramento v. Lewis, 523 U.S. 833, 850 (1998) ("Since it may suffice for Eighth Amendment liability that prison officials were deliberately indifferent to the medical needs of their prisoners, it follows that such deliberately indifferent conduct must also be enough to satisfy the fault requirement for due process claims based on the medical needs of someone jailed while awaiting trial."). To prevail on such an Eighth Amendment claim, Lanagan must prove that Dr. Nash acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997)). "For a claim of deliberate indifference, the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate

3

indifference is akin to criminal recklessness, which demands more than negligent misconduct." Popoalii v. Correctional Med. Servs., 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted).

Lanagan has failed to present sufficient evidence on either component of the deliberate indifference standard. Apart from his own assertions that he needs Valium for back pain and that he was previously prescribed Valium for this purpose, Lanagan has failed to offer any evidence establishing a serious medical need for the specific drug. According to Dr. Nash's October 5, 2010, Affidavit, on September 25, 2007, Lanagan requested Valium for back pain and assured Dr. Nash that a Dr. Peterson at the Spencer Health Clinic had previously prescribed Valium to him for chronic back pain. Docket No. 52 at 2, ¶ 3. Lanagan again requested Valium from Dr. Nash on October 25, 2007. Id. at 2, ¶ 6. Dr. Nash refused Lanagan's requests, however, because in his judgment "there was no medical indication that . . . Lanagan should be prescribed Valium." Id. at 3, ¶ 10. Dr. Nash's affidavit provides:

> Valium is indicated for acute muscle spasm, acute positional vertigo and, in the past, has been used for anxiety /psychiatric symptoms. Valium is not generally

4

> indicated as a treatment for chronic back pain. Further, Valium is a powerful sedative that can lead to addiction/dependency and is not generally recommended for use in a custodial environment due to its recreational abuse potential.

Docket No. 52 at 2, ¶ 4. Dr. Nash's affidavit next provides that "Lanagan at no time presented with symptoms of muscle spasm, positional vertigo, anxiety or other psychiatric disorder." Id. at 2, ¶ 5. The affidavit also provides that despite several attempts to confirm Lanagan had been prescribed Valium, no records of such a prescription could be located by prison staff. Id. at 2, ¶¶ 7 & 8. Finally, Dr. Nash states in his affidavit:

> The reported back pain was not a serious medical condition. Lanagan did not appear to be grossly affected as he seemed to get up and down from his cot without difficulty, to move about freely and to routinely participate in recreation.

Docket No. 52 at 2, ¶ 9. Rather than producing evidence establishing the medical necessity for the specific drug he seeks, Lanagan has merely filed a sworn affidavit stating that he was prescribed Valium before being seen by Dr. Nash, the medication was taken away by an unnamed nurse, and Dr. Nash told him he would not receive a prescription for Valium "because inmates were selling their narcotics and . . . jails

5

were not made to be comfortable." Docket No. 44-3 at 1. This affidavit fails to demonstrate an objectively serious medical need sufficient to satisfy the objective component of the deliberate indifference standard. See Aswegan v. Henry, 49 F.3d 461, 464 (8th Cir. 1995) ("To constitute an objectively serious medical need or a deprivation of that need, we have repeatedly emphasized that the need or the deprivation alleged must be either obvious to the layperson or supported by medical evidence, like a physician's diagnosis."); see also Kayser v. Caspari, 16 F.3d 280, 281 (8th Cir. 1994) (insufficient evidence of serious medical need when the medical need claimed is based on bare assertion of inmate).

Moreover, Lanagan's prison medical records show that Dr. Nash responded to and provided treatment for Lanagan's medical needs, including his complaints of back pain. Dr. Nash's recommended course of treatment essentially mirrored that of Dr. Braksiek's, who had previously placed Lanagan on ibuprofen,[3] orphenadrine,[4] and a "short course" of ultram[5] for

---

[3] Ibuprofen is a non-steroidal anti-inflammatory drug (NSAID) commonly used to treat pain, swelling, and fever. MedicineNet.com, http://www.medterms.com/script/main/art.asp?articlekey=11510.

[4] Orphenadrine is used along with rest, physical therapy, and other measures to relieve pain and discomfort caused by strains, sprains, and other muscle injuries. MedicineNet.com,

back pain. Docket No. 29 at 5-14. Neither Dr. Braksiek nor Dr. Nash considered Lanagan's back pain to be a serious medical issue, and neither felt it would be medically appropriate to prescribe Valium. Docket Nos. 29 at 5-21; 52 at 2-3. While Lanagan certainly disagrees with these doctors' shared conclusion that Valium ordinarily should not be used to treat back pain, Lanagan does not have a constitutional right to receive a particular or requested course of treatment. Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996) (observing that "Prisoners do not have a constitutional right to any particular type of treatment," and "[p]rison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." (citations omitted)). Thus, even assuming for the sake of argument that Lanagan has demonstrated an objectively serious medical need, he has failed to show Dr. Nash was deliberately indifferent to that need as would be required to satisfy the subjective component

---

http://www.medicinenet.com/orphenadrine-oral/article.htm.

[5] Ultram (tramadol) is a narcotic pain reliever used to relieve moderate to moderately severe pain. MedicineNet.com, http://www.medicinenet.com/tramadol/article.htm.

of the deliberate indifference standard.[6]

For the foregoing reasons, the Court finds Lanagan has failed to raise a genuine dispute of fact from which a trier of fact could conclude that he suffered from an objectively serious medical need and that Dr. Nash actually knew of but deliberately disregarded that need.  This Court is well aware that Mr. Lanagan is persuaded that he has a solid claim, however as set out on pages three and four above, deliberate indifference is to be considered akin to criminal recklessness, and there is no evidence before this court that would allow it to conclude this demanding standard has been met.

### III. CONCLUSION

**IT IS THEREFORE HEREBY ORDERED** that Dr. Nash's Motion for Summary Judgment (Docket No. 28) is **GRANTED**.  Lanagan's Complaint (Docket No. 10) is **DISMISSED** and this action is terminated.

**IT IS SO ORDERED** this 28th day of February, 2011.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

---

[6] Because the Court concludes Dr. Nash did not act with deliberate indifference to Lanagan's complaints of back pain, the Court need not and does not address the parties' arguments concerning qualified immunity.